IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JASON KOKINDA, )
 )
    Plaintiff, )
 )  Civil Action No. 2:15-cv-1593
v. )
 )  Judge Mark R. Hornak
PENNSYLVANIA DEPARTMENT OF )
CORRECTIONS, et al., )
 )
    Defendants. )

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge,**

This matter is before the Court on *pro se* Plaintiff Jason Kokinda's objections to the January 13, 2016, Report and Recommendation ("R&R") of Magistrate Judge Cynthia Reed Eddy, which recommended that the Complaint be dismissed pre-service pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted. (ECF No. 6). The R&R sets forth a comprehensive account of the factual background derived from the allegations of the Complaint. Plaintiff was served with the R&R at his listed address and was advised that objections to the R&R were due fourteen (14) days after service. He timely filed objections to the R&R and a brief in support of his objections. (ECF Nos. 9 and 10).

The Court concludes that Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge as to the disposition of this action.

In sum and substance, the Plaintiff alleges that while he was in custody at Pennsylvania state prisons in each of the three (3) federal judicial districts in the Commonwealth, he was fed a diet that had an unacceptable amount of soy in the food he was served[1]. He says that this led to various deleterious effects on him. He wants money damages against each of the Defendants,

---

[1] In this regard, as noted in R&R, the Complaint is internally inconsistent, in that Plaintiff on the one hand seems to assert that he can eat no soy products, but then on the other hand, says that his soy allergy is "quantity based", and impacts him when a certain threshold is met.

1

along with declaratory relief. His Complaint notes that he is no longer in physical custody of the Commonwealth of Pennsylvania.

As noted in the R&R, the Court has a statutory obligation to "screen" the Plaintiff's *pro se, in forma pauperis* Complaint in order to assure itself that the Complaint asserts one or more claims that can be litigated in this Court. Under 28 U.S.C. § 1915(e)(2), the court "shall dismiss the case" if it determines that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted,"[2] or "seeks monetary relief against a defendant who is immune from such relief."

Performing this screening assessment, the R&R concluded—specifically with respect to the events that occurred at SCI-Fayette (located in this judicial district)—that (A) Eleventh Amendment sovereign immunity precludes any §§ 1983, 1985(3), and 1986 claims against the Department of Corrections and those individual defendants sued in their official capacities, (B) Plaintiff's ADA, "Title II" claims should be dismissed, (C) Plaintiff's 1985(3) claims should be dismissed, and (D) Plaintiff's § 1986 claims should be dismissed. All these conclusions are proper. In addition, the R&R recommended that all remaining claims—those arising out of Plaintiff's incarceration at Pennsylvania correctional institutions outside of the Western District of Pennsylvania—be dismissed "with prejudice." The R&R correctly concluded that Fed.R.Civ.P. 20(a) compels the dismissal of these claims. However, the Court believes that these claims should be dismissed without prejudice, so that the Plaintiff may properly assert his claims in separate actions in those districts,[3] or to amend his Complaint. As such, this Opinion

---

[2] When analyzing a *pro se* defendant's failure to state a claim at the § 1915(e)(2) screening stage, "the standard of review is the same as under Fed.R.Civ.P. 12(b)(6)." *Rushing v. Pennsylvania*, 2016 WL 25579, at *1 (3d Cir. Jan. 4, 2016).

[3] Of course, if the actions contained in a given complaint arise in the Eastern or Middle District of Pennsylvania, venue would only be proper in those districts. Likewise, a case filed here that plausibly asserts a unified course of conduct on behalf of the leadership of the Department of Corrections (to ensure that Plaintiff was given soy,

2

expounds on the rationale and proper course of action for the dismissal of Plaintiffs claims for failure to comply with Fed.R.Civ.P. 20(a).

Rule 20(a)(2) defines the limits of defendants that can be joined to a single action. That rule specifies:

> (2) *Defendants.* Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the **alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences**; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a)(2) (emphasis added). Though the requirements of Rule 20(a) are to be liberally construed in the interests of convenience and judicial economy, "the policy of liberal application of rule 20 is not a license to joined unrelated claims and defendants in one lawsuit." *Salley v. Wetzel*, 2013 WL 3157558, at *3 (M.D. Pa. June 20, 2013) *aff'd sub nom. Salley v. Sec'y Pennsylvania Dep't of Corr.*, 565 F. App'x 77 (3d Cir. 2014) (citing *Pruden v. SCI Camp Hill*, 252 Fed. Appx. 436 (3d Cir.2007)). Plaintiff has failed to proffer sufficient factual allegations supporting the contention that the various actions and events occurring at correctional institutions across Pennsylvania constitute a single unified transaction or occurrence. Instead, Plaintiff's Complaint identifies a series of discrete events which, perhaps, give rise to discrete cases; they do not show a single transaction or occurrence actionable in a single federal court complaint. *See Pruden v. SCI Camp Hill,* 252 F. App'x 436, 438 (3d Cir. 2007); *Staples v. United States*, 2015 WL 5786106, at *4 (M.D. Pa. Sept. 30, 2015); *Salley*, 2013 WL 3157558, at *18; *Ross v. Pennsylvania Bd. of Prob. & Parole*, 2012 WL 3560819, at *6 (M.D. Pa. Aug. 16, 2012); *Robinson v. Shannon*, 2005 WL 2416116, at *2 (M.D. Pa. Sept. 30, 2005).

---

presumably) might well be transferred to some other district "for the convenience of parties and witnesses, in the interest of justice." *See* 28 U.S.C. 1404.

However, as further recognized by the R&R, Plaintiff should be granted leave to amend his Complaint in order to correct the deficiencies highlighted by the R&R and this Opinion (if he plausibly can). Plaintiff must pay particular attention to the various legal deficiencies highlighted by the Magistrate Judge in the R&R, and must also be cognizant that any Amended Complaint must conform to the requirements of Fed.R.Civ.P. 20. Indeed, Plaintiff must also note that an Amended Complaint containing the same kind of scatter-shot allegations relating to an array of various individuals (most of which are denominated John or Jane Doe) and occurrences might well be dismissed outright; severing and transferring such claims to their proper jurisdiction would not be required. *See Salley*, 2013 WL 3157558, at *4 ("With respect to the recommendation that the plaintiff's claims that allegedly arose in the WDPA be transferred to that district, at this time the court finds that to transfer the plaintiff's piecemeal filings for another court to sift through would not be in the interests of justice, nor judicial economy. Rather, since the plaintiff has failed to comply with the requirements of Rule 20, the better course of action is to dismiss the amended complaint.").

An appropriate Order will issue.

Mark R. Hornak
United States District Judge

Dated: February 22, 2016

cc: All counsel of record
Plaintiff (by U.S. Mail)

4